IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TROY ANTHONY TORRES, #2007020226					PLAINTIFF

VERSUS				CIVIL ACTION NO. 1:09-cv-393-HSO-JMR

DAVID ALLISON AND
PEARL RIVER COUNTY JAIL						DEFENDANTS

MEMORANDUM OPINION AND ORDER

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 on July 1, 2009. On July 28, 2009, an Order [6] was entered directing Plaintiff to file a written response on or before August 17, 2009, to provide more specific information. Plaintiff was warned in this Order [6] that failure to advise the Court of a change of address or failure to timely comply with any Order of the Court may lead to the dismissal of his Complaint. On August 25, 2009, Plaintiff filed a Response [7] to this Court's Order [6]. Plaintiff's Response simply referred the Court back to his Complaint [1], and stated that the Court could find the requested information there.

In an Order [8] entered September 28, 2009, Plaintiff was informed that since he was granted *in forma paueris* status, the Court was in the process of screening his Complaint as provided by 28 U.S.C. § 1915A. The Court reviewed the Complaint [1] and then entered the Order [6] requesting additional information based on the allegations contained in Plaintiff's Complaint. Plaintiff was warned that if he refused to comply with this Court's Order [6] to provide the requested information, this case would be dismissed for failure to comply with a Court Order. Plaintiff was again warned that failure to advise this Court of a change of address

may lead to dismissal, without further notice. On October 8, 2009, the envelope [9] containing this Court's Order [8] was returned by the Postal Service with the notation "return to sender."

On December 2, 2009, the Court entered an Order [10] directing Plaintiff to show cause, on or before December 23, 2009, why this case should not be dismissed for his failure to timely comply with the Court's Order [6] of July 28, 2009. The Show Cause Order [10] warned Plaintiff that failure to advise the Court of a change of address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice. On December 14, 2009, the envelope [11] containing this Court's December 2, 2009, Order [10] was returned by the Postal Service with the notation "return to sender." Plaintiff has not complied with the Show Cause Order. Indeed, Plaintiff has failed to comply with three Court Orders, and he has not contacted this Court since August 25, 2009. This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte. See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars"

2

of the Court. *See id.* at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the Orders of the Court, under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE, is proper. Since Defendants have not been called upon to respond to Plaintiff's pleading, and have not appeared in this action, and since the Court has not considered the merits of Plaintiff's claims, the Court's Order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith,* 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 12th day of January, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE